﻿Citation Nr: AXXXXXXXX
Decision Date: 11/20/18 Archive Date: 11/19/18

DOCKET NO. 180906-335
DATE: November 20, 2018
REMANDED
The claim of entitlement to service connection for a left hip disability is remanded.
The claim of entitlement to service connection for a right hip disability is remanded.
The claim of entitlement to service connection for a cervical spine disability is remanded.
The claim of entitlement to service connection for gastroesophageal reflux disease (GERD) is remanded.
REASONS FOR REMAND
The Veteran had active duty service from October 1988 to February 1989 and from August 1989 to October 1992 in the United States Army.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Board notes that the issue of entitlement to service connection for fatigue, joint pain, muscle soreness, and twitching, also claimed as fibromyalgia, was originally on appeal. When choosing to participate in RAMP, the Veteran’s appeals were withdrawn and a new rating decision was issued in August 2018 to allow the Veteran to appeal the issues in the RAMP system. The Veteran submitted the RAMP notice of disagreement in August 2018 indicating that he only wished to appeal the hip, spine, and GERD disabilities. Therefore, the issue of entitlement to service connection for fatigue, joint pain, muscle soreness, and twitching, also claimed as fibromyalgia, is no longer considered on appeal and is not addressed in the remand below. 
1. Entitlement to service connection for a left hip disability is remanded.
The Board will address the left and right hip claims simultaneously as they stem from the same legal and factual basis. 
The issue of entitlement to service connection for a left or right hip disability is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a medical opinion in February 2017 prior to the August 2018 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s hip disabilities are aggravated by his service-connected traumatic arthritis of the right ankle or his spinal stenosis of the lumbar spine, to include any altered gait. The Court has held that the value of a physician’s statement is dependent, in part, upon the extent to which it reflects “clinical data or other rationale to support his opinion.” Bloom v. West, 12 Vet. App. 185, 187 (1999). The opinion specifically addresses only causation and not aggravation. 
2. Entitlement to service connection for a right hip disability is remanded.
Please see the analysis under section one above. 
3. Entitlement to service connection for a cervical spine disability is remanded.
The issue of entitlement to a cervical spine disability is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. The AOJ did not obtain a VA examination prior to the August 2018 rating decision on appeal regarding whether the Veteran’s cervical spine disability is caused or aggravated by the Veteran’s service-connected spinal stenosis of the lumbar spine. However, based on the evidence associated with the claims file prior to the August 2018 rating decision, to include argument by the Veteran asserting that his cervical and lumbar disabilities are related, the Board finds that a VA examination and medical opinion is required to determine whether the Veteran’s cervical spine disability is caused or aggravated by his service-connected spinal stenosis of the lumbar spine.
4. Entitlement to service connection for GERD is remanded.
The issue of entitlement to service connection for GERD is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. The AOJ obtained a medical opinion in October 2017 prior to the August 2018 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s GERD is aggravated by his service-connected orthopedic disabilities, specifically the use of NSAIDs as treatment for his orthopedic pain. The examiner noted that NSAIDs can exacerbate GERD by contributing to a decrease in pH in the stomach, but noted it as a temporary effect, which resolves with the discontinuation of NSAIDs. He then found that GERD was not likely caused or influenced by the Veteran’s lumbar stenosis or ankle arthritis. The examiner’s rationale that NSAIDs cause only a temporary exacerbation does not address whether the Veteran consistently requires NSAID use to treat a service-connected disability, which would indicate that the exacerbation is not temporary.
 
The matters are REMANDED for the following action:
1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s left or right hip disability is at least as likely as not proximately due to a service-connected disability or aggravated beyond its natural progression by a service-connected disability, to include the Veteran’s lumbar spine disability, right ankle disability, or any altered gait resulting from a service-connected disability.
A complete rationale must be provided for all opinions offered. If any opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what, if any, additional evidence would potentially allow for a more definitive opinion. If an additional examination is required for the examiner to sufficiently address the above questions, then a new examination should be afforded.
2. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s cervical spine disability is at least as likely as not proximately due to a service-connected disability or aggravated beyond its natural progression by a service-connected disability, to include the Veteran’s lumbar spine disability.
A complete rationale must be provided for all opinions offered. If any opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what, if any, additional evidence would potentially allow for a more definitive opinion. If an additional examination is required for the examiner to sufficiently address the above questions, then a new examination should be afforded.
3. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s GERD is at least as likely as not proximately due to a service-connected disability or aggravated beyond its natural progression by a service-connected disability, to include any medication required to treat the service-connected disabilities. The examiner should specifically note the findings in the October 2017 VA examination noting that NSAIDs do not cause this to occur, but can exacerbate GERD by contributing to a decrease in pH in the stomach. The Board notes that if the Veteran is required to treat his service-connected disabilities with NSAIDs on a consistent basis that the exacerbation then becomes less temporary. The examiner should note the frequency of NSAID use and whether that results in an aggravation of the GERD beyond its natural progression. 
A complete rationale must be provided for all opinions offered. If any opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what, if any, additional evidence would potentially allow for a more definitive opinion. If an additional examination is required for the examiner to sufficiently address the above questions, then a new examination should be afforded.

4. After undertaking the development above and any additional development deemed necessary, the Veteran’s claims should be readjudicated.
 
B. MULLINS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Patricia Veresink